**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IXONIA BANK d/b/a NOVUS HOME MORTGAGE, | ) ) ) | CIVIL ACTION FILE NO. |
| *Plaintiff,* | ) ) | 1:25-cv-00516 |
| v. | ) ) | |
| TEXANA BANK NA, SCOTT SAX, and MICHAEL COLLINS, | ) ) ) | |
| *Defendants.* | ) ) ) | |
| SCOTT SAX and MICHAEL COLLINS, | ) ) | |
| *Counterclaim Plaintiffs,* | ) ) | |
| v. | ) ) | |
| IXONIA BANK d/b/a NOVUS HOME MORTGAGE and ERIC EGENHOEFER, | ) ) ) | |
| *Counterclaim Defendants.* | ) | |

**SCHEDULING ORDER**

**1.     DATE OF CONFERENCE AND APPEARANCES OF COUNSEL
AND PRO SE PARTIES**

This case is set for a Scheduling Conference on June 3, 2025, at 11:30 a.m. in Courtroom A 402 before Magistrate Judge Scott T. Varholak. Telephonic appearances are permitted. All parties that wish to participate in the Hearing by telephone may do so by calling 571-353-2301 at the scheduled time and utilizing Meeting ID: 252821415#.

**Plaintiff and Counterclaim Defendant Ixonia Bank d/b/a Novus Home Mortgage ("Novus" or "Plaintiff") and Counterclaim Defendant Eric Egenhoefer**

Ryan M. Sugden
STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Phone: 303.376.8405
Email: ryan.sugden@stinson.com

Janel M. Dressen
Peter J. McElligott
ANTHONY OSTLUND LOUWAGIE
DRESSEN & BOYLAN P.A.
90 South Seventh Street
3600 Wells Fargo Center
Minneapolis, MN  55402
Telephone:  612.349.6969
Email: jdressen@anthonyostlund.com
pmcelligott@anthonyostlund.com

**Defendants Texana Bank NA ("Texana Bank"), Scott Sax ("Sax"), and Michael Collins ("Collins") (collectively "Defendants") and Counterclaim Plaintiffs Sax and Collins**

Michael P. Elkon
Matthew T. Sharon
FISHER PHILLIPS LLP
1230 Peachtree Street NE, Suite 3300
Atlanta, GA 30309
Telephone: 404.231.1400
Emails: melkon@fisherphillips.com
        msharon@fisherphillips.com

Brett M. Wendt
FISHER PHILLIPS LLP
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: 303.218.3650
Email: bwendt@fisherphillips.com

FP 54801296.2

## 2.     STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. In addition, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367 because this action arises in part under the laws of the United States.  Counterclaim Defendant Eric Egenhoefer reserves the right to object to personal jurisdiction.

## 3.     STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiff:

I.     Plaintiffs assert claims for breach of contract (against Defendants Sax and Collins), tortious interference with contract (against all Defendants), tortious interference with prospective business relation (against all Defendants), Defend Trade Secrets Act (against all Defendants), Colorado Uniform Trade Secrets Act (against Defendant Texana), breach of duty of loyalty (against Sax and Collins), unjust enrichment (against Texana), civil conspiracy (against all Defendants), and aiding and abetting tortious conduct (against all Defendants).

II.     In Plaintiff's answer to counterclaims filed by Sax and Collins, Plaintiffs assert affirmative defenses of failure to state a claim, failure to plead fraud with particularity, fraud claim is barred by the contracts and parol evidence rule, lack of reliance and/or causation, failure to state a claim and properly add Eric Egenhoefer, estoppel, laches, unclean hands and/or in pari delicto, prior breach of contract and breaches of fiduciary duty, damages suffered by Defendants are the result of their own actions, lack of causation, Sax and Collins have been fully paid, the

counterclaims are barred in whole or in part due to consent, ratification, release, waiver, novation, satisfaction, accord and/or payment, offset and recoupment, justification, failure to make full disclosure and/or misleading actions, information and/or misrepresentations, failure to mitigate damages, and failure to satisfy conditions precedent.

b.     Defendants:

I.      Defendants/Counterclaim Plaintiffs assert claims for violation of Colorado Wage Act (all Counterclaim Defendants), breach of contract (Counterclaim Defendant Novus), fraudulent inducement (all Counterclaim Defendants), conversion (Counterclaim Defendant Novus), and civil theft (Counterclaim Defendant Novus)

II.     In their Answer to the Complaint, Defendants/Counterclaim Plaintiffs assert the following defenses:  failure to state a claim; failure to mitigate damages; barred claims involving transactions or events, or seeking damages for periods, outside applicable limitations periods; laches, unclean hands, accord and satisfaction, estoppel, consent, ratification, and/or waiver; unjust enrichment, lack of proximate cause; lack of exercise of ordinary care; award of punitive damages would violate due process and equal protection; lack of malicious or reckless intent or wanton or willful conduct; economic loss rule; lack of bad faith, stubborn litigiousness and lack of unnecessary trouble or expense in any transaction underlying Plaintiff and Counterclaim Defendants lawsuit; lack of damage; no breach of duty by Defendants and Counterclaim Plaintiffs to Plaintiff and Counterclaim Defendants; lack of

tortious interference; no breach of contract; no aiding and abetting; trade secret claims are barred; doctrine of equitable estoppel; and fraudulent activity by Plaintiff and Counterclaim Defendants.

## 4.    UNDISPUTED FACTS

The following facts are undisputed:

I.    From approximately May 2024 to January 2025, Defendant Scott Sax was employed by Novus in its Denver office as an Executive Western Regional Manager.  Since January 2025, Sax has been employed by Texana.

II.    From approximately May 2024 to January 2025, Defendant Michael Collins was employed by Novus in its Denver office as an Executive Western Regional Manager.  Since at least January 2025, Collins has been employed by Texana.

III.    Novus provides mortgage services to individuals and businesses across the United States.

IV.    Sax and Collins were hired by Novus in May 2024.

V.    Novus entered into written agreements with Sax, Collins, and other former Novus employees.

VI.    Sax and Collins were managerial employees of Novus.

## 5.    COMPUTATION OF DAMAGES

a.    Plaintiff:  The amount of damages suffered by Plaintiff as a result of the Defendants' actions is yet to be determined.  Plaintiff reserves the right to supplement this response as additional information becomes available through the course of discovery. In addition, Plaintiff anticipates that it will retain a damages expert and submit a disclosure

FP 54801296.2

report pursuant to the scheduling order and Fed. R. Civ. P. 26(a)(2). At this time, Plaintiff anticipates that Defendants actions have caused the following categories of damages:

I.    Recovery and return of any amount paid to Sax and Collins, disgorgement of any profits, commissions, or fees realized by Sax and Collins, as well as all reasonable costs and attorneys' fees incurred by Plaintiff as a result of their breach of the Protective Agreements;

II.    Lost profits for loans diverted to Texana during Defendants' employment at Novus;

III.    Lost profits related to mortgage contracts with existing and prospective customers;

IV.    Damages related to intellectual property and equipment misappropriated by Defendants;

V.    Damages for Defendants' misappropriation of Plaintiff's trade secrets pursuant to C.R.S. § 7-74-104 and 18 U.S.C. § 1836 including but not limited to the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss or a reasonable royalty for Defendants' unauthorized disclosure or use of a trade secret. Plaintiff will also seek an award of exemplary damages for Defendants' willful and malicious disregard of Plaintiff's rights and feelings as well as an award of reasonable attorney fees.

VI.     Damages incurred as a result of Plaintiff's lease obligation for the office

space in Denver; fees paid to a recruiter, and investment in recruiting, training, and

marketing the Former Employees;

VII.    Loss of goodwill;

VIII.   Actual, consequential, incidental, special and/or punitive damages in an

amount to be determined at trial; and

IX.     Any other relief the Court finds appropriate.

a.      Defendants:   The amount of damages suffered by Counterclaim Plaintiffs as a

result of the Defendants' actions is yet to be determined.  Counterclaim Plaintiffs

reserve the right to supplement this response as additional information becomes

available through the course of discovery.

I.      Monthly base pay for November 2024 for each Counterclaim Plaintiff;

II.     Profits of the branch, including Branch Net Income compensation (the full

extent of their owed wages and compensation from Novus with respect to the

Branch Net Income payments is still to be determined);

III.    Any outstanding salary payments under the Employment Agreement and

Compensation Agreement;

IV.     Payout for unused PTO as required by Colorado law;

V.      Actual, consequential, incidental, special, and/or punitive damages in an

amount to be determined at trial; and

VI.     Any other relief the Court finds appropriate.

## 6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.    Date of Rule 26(f) meeting.

The parties started to meet and confer regarding Fed. R. Civ. P. 26(f) on May 1, 2025, exchanged a draft Rule 26(f) report on May 5, conferred again on May 6, 2025, and continued to exchange drafts of the Rule 26(f) report in advance of the May 27, 2025 deadline.

b.    Names of each participant and party he/she represented.

I.    Janel Dressen on behalf of Plaintiff on May 1. Peter McElligott on behalf of Plaintiff on May 6.

II.    Michael Elkon on behalf of Defendants.

c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will make Rule 26(a)(1) disclosures on June 2, 2025.

d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

Not applicable.

e.    Statement concerning any agreements to conduct informal discovery:

The Parties believe that formal discovery can be completed efficiently, and that informal discovery will not materially aid the resolution of this case.

f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

To reduce costs, the Parties agree to conduct remote depositions when appropriate and to comply with an ESI protocol for the collection and production of documents.

g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate that a significant portion of discoverable information in this matter is stored and will be produced electronically. The parties agree to collect and produce ESI consistent with an ESI Protocol.

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibility of early settlement and believe that an early settlement is unlikely. Nevertheless, the parties agree to mediate the case on or before the close of fact discovery.

## 7.    CONSENT

All parties    ☐  [have]    ☒[have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.    DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties propose to permit one deposition of each adverse party plus an additional 10 fact witness depositions per side and a deposition of each disclosed expert witness. Additional depositions are needed on account of the number of third parties (such as former employees of Novus) with discoverable information. *See* Compl. ¶ 25 (listing twenty-four former employees solicited by defendants). The parties propose 50 interrogatories (including discrete subparts) per side.

FP 54801296.2

b.      Limitations which any party proposes on the length of depositions.

No modifications to Fed. R. Civ. P. 30(d)(1).

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties propose fifty requests for production and ten requests for admission per side.

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

**November 19, 2025**, which is thirty days before the end of discovery.

e.      Other Planning or Discovery Orders

The parties will submit a proposed protective order and ESI protocol to the Court.

## 9.      CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: **July 18, 2025** (45 days from the Scheduling Conference).

b.      Discovery Cut-off: **December 19, 2026** (a few weeks less than 7 months from the Scheduling Conference).

c.      Dispositive Motion Deadline: **February 3, 2026** (8 months from the Scheduling Conference).

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

**October 3, 2025** (4 months from the Scheduling Conference).

2.      Limitations which the parties propose on the use or number of expert witnesses.

None.

-10-

3.      The parties shall designate all experts and provide opposing counsel and any pro se

parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 6,**

**2026** (5 months from the Scheduling Conference).

4.      The parties shall designate all rebuttal experts and provide opposing counsel and

any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

**December 5, 2026** (6 months from the Scheduling Conference).

e.      Identification of Persons to Be Deposed:

The parties anticipate deposing each named party (individually and in their corporate capacity) and

certain former employees identified in Paragraph 25 of Plaintiff's Complaint. The parties may also depose

additional individuals or entities identified in discovery.

## 10.      DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

b.      A final pretrial conference will be held at the following date and time:

A final Pretrial Order shall be prepared by the parties and submitted to the Court

no later than seven (7) days before the final pretrial conference.

## 11.      OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith

effort, were unable to reach an agreement.

b.      Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a trial of 7-10 days. It will be tried to a jury.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or

economically conducted in the District Court's facilities at 212 N. Wasatch Street, Colorado

Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood

Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata

County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

        Not applicable.

## 12.     NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a),

the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the

assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

FP 54801296.2

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this _____day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

[SIGNATURES APPEAR ON FOLLOWING PAGE]

FP 54801296.2

APPROVED:

| | |
|---|---|
| */s/ Peter J. McElligott* | */s/ Michael P. Elkon* |
| Janel M. Dressen | Michael P. Elkon |
| Peter J. McElligott | Matthew T. Sharon |
| **ANTHONY OSTLUND LOUWAGIE** | **FISHER PHILLIPS LLP** |
| **DRESSEN & BOYLAN P.A.** | 1230 Peachtree Street NE, Suite 3300 |
| 90 South Seventh Street | Atlanta, GA 30309 |
| 3600 Wells Fargo Center | Telephone: 404.231.1400 |
| Minneapolis, MN 55402 | Emails: melkon@fisherphillips.com |
| Telephone: 612.349.6969 | msharon@fisherphillips.com |
| Email: jdressen@anthonyostlund.com | |
| pmcelligott@anthonyostlund.com | |
| | |
| Ryan M. Sugden | Brett M. Wendt |
| **STINSON LLP** | **FISHER PHILLIPS LLP** |
| 1144 Fifteenth Street, Suite 2400 | 1125 17th Street, Suite 2400 |
| Denver, CO 80202 | Denver, CO 80202 |
| Phone: 303.376.8405 | Telephone: 303.218.3650 |
| Email: ryan.sugden@stinson.com | Email: bwendt@fisherphillips.com |
| | |
| *Attorneys for Plaintiff/Counterclaim* | *Defendants and Counterclaim Plaintiffs Texana* |
| *Defendant Ixonia Bank d/b/a Novus Home* | *Bank NA, Scott Sax, and Michael Collins* |
| *Mortgage, and Counterclaim Defendant* | |
| *Eric Egenhoefer* | |